UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEGEND PICTURES, LLC,

    PLAINTIFF,

V.

THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,

    DEFENDANTS.

CASE NO.: 1:25-CV-11318

# COMPLAINT

Plaintiff, Legend Pictures, LLC ("Legendary" or "Plaintiff"), by its undersigned counsel, hereby complains of the partnerships identified on Schedule A, attached hereto (collectively, the "Defendants"), and using at least the identified online marketplace accounts listed on Schedule A (collectively, the "Defendant Internet Stores" or "Seller Aliases"), and for its Complaint hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, the Copyright Act, 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the Seller Aliases. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell, counterfeit products that infringe upon Plaintiff's federally registered trademarks and/or copyrights. Each Defendant commits tortious acts, engages in interstate commerce, and wrongfully causes substantial injury in the State of Illinois.

## JOINDER

4. Joinder is proper pursuant to Federal Rule of Civil Procedure 20(a)(2) as Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

5. Plaintiff has filed, as **Exhibit 3** attached hereto, its Schedule A list of defendant Seller Aliases including the defendant store names and online marketplace accounts found to be selling infringing and/or counterfeit products. However, the true identities of the defendants — *i.e.*, the individuals and/or entities operating the Seller Aliases — are not yet known.

6. Counterfeit sellers, like those identified on Plaintiff's Schedule A, commonly operate multiple online stores as a core tactic to evade detection, "In some cases, counterfeiters hedge against the risk of being caught and their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store-fronts. Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners."[1] As

---

[1] Stanley D. Ference III, *"Online Counterfeiting In A Post-Pandemic World"* at https://ferencelaw.com/online-counterfeiting-in-a-post-pandemic-world, May 24, 2025 (Last Accessed: September 4, 2025).

such, it is likely that a significant number of Seller Aliases are owned and/or operated by the same individual and/or entity. However, it is not until the third-party marketplaces produce the registration data for these stores that Plaintiff will discover the true identity or identities of the individuals and/or entities operating the online marketplace accounts under the Seller Aliases listed on Schedule A.

7. Given the similarities between the Defendant Internet Stores discussed *infra* and the likelihood that many, if not all, are operated by the same individual and/or entity, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all defendants is proper at this stage, as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

## INTRODUCTION

8. This action has been filed to combat the online trademark and copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable trademarks and/or copyrights by selling and/or offering for sale unauthorized, inauthentic, infringing, and counterfeit products in connection with Plaintiff's federally registered trademarks, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from federally registered copyrighted subject matter created by Legendary.

9. Plaintiff, Legend Pictures, LLC, is the owner of the federally registered Dune and Legendary trademarks, listed in the table below, and true and correct copies of which are attached hereto as Exhibit 1 (collectively referred to as the "Dune Trademarks"). The trademark registrations constitute *prima facie* evidence of their validity and of Legendary's exclusive right to use the Dune Trademarks pursuant to 15 U.S.C. § 1057(b).

| MARK | REG. No. | GOODS & SERVICES |
|---|---|---|
| DUNE | U.S. Reg. No. 7,316,543 | Calendars; posters; book marks; stickers; art books and coffee table books on scenes and characters from movies, games, and videos; reference books and encyclopedias on scenes and characters from movies, games and videos; pencil sets; books in the nature of diaries, notebooks, note cards, autograph books, blank journal books, and wall décor, in the form of decals for use as home décor; bookends; booklet based table top role playing game |
| DUNE | U.S. Reg. No. 7,819,252 | Pre-recorded digital video discs, magneto-optical discs, and digital versatile discs featuring TV shows and motion pictures in the fields of fantasy, science fiction, horror, humor, adventure; downloadable computer game software for use on mobile and cellular phones, personal computers, handheld computers and computerized consoles; magnets, namely, decorative and refrigerator magnets<br>Glass, ceramic and earthenware goods, namely, collectible statues and collectible dioramas, cups, mugs, drinking glasses, figurines, statues, lunchboxes, vacuum bottles; hydration packs containing a fluid reservoir, delivery tubes, and/or mouthpieces; Holiday ornaments made of ceramic and/or glass |
| DUNE | U.S. Reg. No. 7,031,466 | Ornamental lapel pins made of enamel, and key chains<br>Poly-resin figurines, poly-resin statues and replicas, namely, figurines<br>Toys, namely, equipment sold as a unit for playing card games; hand held units for playing electronic games other than those adapted for use with an external display screen or monitor; game equipment sold as a unit for playing a board game, a card game, a manipulative game, stand alone video output game machines; action figures and accessories therefor; toy animal figures and accessories thereof; slot machines; articulated two and three dimensional positional game figures with tailored clothing; toy vinyl figures; pvc mixed media toy figures; trading cards for games; equipment sold as a unit for playing a parlor type role playing game<br>Entertainment services, namely, development of concepts for and production and distribution of motion pictures, television programs, Internet programs, videogames, multimedia entertainment content; publication of books, magazines and other printed matter |
| LEGENDARY | U.S. Reg. No. 5,119,595 | Publications, namely, comic books and graphic novels |
| LEGENDARY PICTURES | U.S. Reg. No. 3,412,677 | motion picture films, [ prerecorded videocassettes, ] digital versatile disks (DVDs), compact discs, and other recordable media, namely, computer disks, CD-ROMs [, ] * and * audio discs [, and audio tapes, ] featuring live action, computer generated, and animated motion pictures *, * or combinations thereof; pre-recorded [ audio tapes, ] audio compact discs [, and video tapes ] featuring musical entertainment<br>Entertainment services, namely, production, development and distribution of motion picture films, [ television programs, television program specials,] music video programs [, documentary television programs ] and motion pictures [, animated television programs and motion pictures ] |
| LEGENDARY | U.S. Reg. No. 6,931,253 | Entertainment services, namely, development of concepts for and production and distribution of motion pictures, and television programs; Entertainment services, namely, production of videogames; multimedia entertainment services in the nature of recording, production and post-production services in the fields of entertainment content and films; Entertainment, namely, production of continuing comedy, drama, action, and animated programs delivered by Internet |

| MARK | REG. No. | GOODS & SERVICES |
|---|---|---|
| LEGENDARY | U.S. Reg. No. 3,621,043 | Entertainment services, namely, production and distribution of motion picture films, [ television programs, television program specials, music video programs, documentary television programs and motion pictures, animated television programs ] and motion pictures |
| LEGENDARY | U.S. Reg. No. 3,656,926 | Motion picture films featuring comedy, adventures, sports, romance and drama; digital media, namely, prerecorded videocassettes, DVDs, and compact discs all featuring comedy, adventures, sports, romance and drama; digital media, namely, prerecorded computer disks, CD-ROMs, audio discs [ and audio tapes ] all featuring comedy, adventures, sports, romance and drama; prerecorded [ audio tapes ], audio compact discs and video tapes all featuring musical entertainment<br>Entertainment services, namely, production and distribution of motion picture films, [ television programs and television program specials ] ; entertainment services, namely, production and distribution of music video programs, [ documentary television programs and ] documentary motion picture films; entertainment services, namely, production and distribution of [ animated television programs and ] animated motion picture films |
| LEGENDARY | U.S. Reg. No. 5,375,497 | Publications, namely, comic books and graphic novels |
| LEGENDARY | U.S. Reg. No. 5,997,357 | Shirts, t-shirts, sweatshirts, hooded sweatshirts, jackets, hats, and caps |
| LEGENDARY | U.S. Reg. No. 5,997,358 | Shirts, t-shirts, sweatshirts, pants, sweatpants, hooded sweatshirts, jackets, hats and caps, warm-up suits |
| LEGENDARY | U.S. Reg. No. 4,436,755 | Posters [ ; photographs; brochures, pictures ] |

10. Plaintiff is the owner of the federally registered copyrights relating to the films *Dune* and *Dune: Part 2*, which are attached hereto as Exhibit 2 (hereinafter referred to as the "Dune Copyrights").

11. In an effort to illegally and deceptively profit from the Dune Trademarks and Dune Copyrights, Defendants created numerous online marketplace accounts and online stores, intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites and merchants selling products manufactured by or authorized by Legendary, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized, infringing, and/or counterfeit products.

12. Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between Defendants, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

13. Plaintiff filed this action to combat Defendants' ongoing infringement of Plaintiff's Dune Trademarks and Dune Copyrights (collectively referred to as "Legendary's Intellectual Property"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and tarnishment of its valuable trademarks and copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

14. Founded in 2000, Legend Pictures, LLC, is a limited liability company with its primary offices located at 2900 W. Alameda Avenue, Burbank, California 91505.

15. Legendary is a leading media company dedicated to owning, producing, and delivering content to worldwide audiences. Legendary's productions have grossed more than $20 billion worldwide at the box office.

16. One of Legendary's most-acclaimed and popular productions is the epic science fiction film franchise, Dune. The first installment, *Dune*, was released in 2021, and the second installment, *Dune: Part Two*, was released in 2024. The Dune franchise has grossed over $1 billion dollars worldwide and has a significant following both in the U.S. and internationally.

6

17. Following the success of *Dune*, Legendary, in conjunction with its licensed affiliates, began to manufacture, market, distribute, and sell Dune merchandise throughout the world. Dune merchandise includes clothing, such as t-shirts and hoodies; posters; and other various items developed in connection with the Dune Copyrights that feature and/or are sold in conjunction with the Dune Trademarks (the "Dune Products"). Plaintiff is the exclusive source and/or licensor of Dune Products which typically include at least one of the Dune Trademarks and/or Copyrights. The following are examples of genuine Dune Products:



| AUTHENTIC PRODUCT EXAMPLES | | |
|---|---|---|
| shop.legendary.com/products/dune-sandworm-hoodie | shop.legendary.com/collections/dune/products/dune-arrakis-desktop-mat | shop.legendary.com/collections/dune/products/dune-arrakis-where-the-spice-is-nice-two-tone-mug |

18. The Dune Trademarks are inherently distinctive, valid, subsisting, and in full force and effect. Plaintiff and its authorized licenses have exclusively and continuously used the Dune Trademarks. The Dune Trademarks qualify as famous marks and identify products as merchandise originating from Plaintiff. Legendary has used the Dune Trademarks for many years and has built substantial goodwill in and to the Dune Trademarks.

19. Legendary has expended significant time, energy, money, and resources into developing and promoting the Dune film franchise and the Dune Products. As a result, the Dune films and the Dune Products are widely known and recognizable and are exclusively associated by consumers and the public as being sourced by the Plaintiff. As such, the recognition and goodwill associated with the Dune Products, Dune Trademarks, and Dune Copyrights are of incalculable and inestimable value to the Plaintiff.

20. Plaintiff has made significant efforts to protect its interests in and to the Legendary Intellectual Property. Legendary and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Dune Copyrights and/or Dune Trademarks. Plaintiff has not licensed or otherwise authorized Defendants to use the Dune Copyrights and/or Dune Trademarks or manufacture, import, export, advertise, offer for sale, or sell the Dune Products.

## THE DEFENDANTS

21. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive commercial websites and online marketplace accounts operating under the Seller Aliases. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell products that infringe upon Legendary's Intellectual Property and/or are counterfeits of the Dune Products (the "Counterfeit Products") to consumers within the U.S., Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

22. The success and widespread popularity and recognition of the Dune franchise has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous ecommerce stores on platforms which include, but are not limited to those operated on the following marketplaces: AliExpress, Inc. ("AliExpress"); Amazon, Inc. ("Amazon"); eBay, Inc. ("eBay"); eCrater, Inc. ("eCrater"); Printblur.com ("Printblur"); Printerval.com ("Printerval"); WhaleCo, Inc. d/b/a Temu ("Temu"); and Walmart, Inc. ("Walmart") among others (collectively, the "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, and importing the Counterfeit Products to consumers in this Judicial District and throughout the United States.

23. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[2] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[3] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

24. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above mentioned digital marketplaces, an

---

[2] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).
[3] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).

astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[4]

25. Upon information and belief, Defendants facilitate sales by designing their Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine Dune Products. Defendant Internet Stores look sophisticated and perpetuate an illusion of legitimacy that make it difficult for consumers to distinguish these retailers from licensed affiliates or legitimate sources of Dune Products.

26. Upon information and belief, Defendants use the Dune Trademarks without authorization within the content, text, and/or metatags of their websites, in order to attract and manipulate search engines into identifying the Defendant Internet Stores as legitimate websites for authentic Dune Products. These tactics are meant to, and are successful in, misdirecting consumers searching for genuine Dune Products.

27. Upon information and belief, Defendants operate in a collective and organized manner, often monitor trademark infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other — utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[5]

28. Counterfeiters, such as Defendants, often conceal their identities and use fictitious names and addresses to register their network of ecommerce stores. For example, many of the Defendants' names and physical addresses provided to register their Defendant Internet Stores are

---

[4] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), https://www.nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at https://www.dhs.gov/sites/default/ files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.
[5] For this reason, Plaintiff is concurrently filing a Motion For Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

incomplete, contain randomly typed letters, or fail to include cities and other relevant information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the Seller Aliases, as well as other unknown fictitious names and addresses. Such registration patterns are some of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

29. Counterfeiters, like Defendants, typically operate multiple payment processor and merchant accounts operated through third party payment platforms (collectively referred to herein as the "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts.

30. Defendants, without any authorization or license, have knowingly and willfully infringed Plaintiff's rights in the Dune Trademarks and Dune Copyrights in connection with the manufacturing, advertisement, distribution, offering for sale, and sale of illegal, infringing, and counterfeit products into the United States and Illinois.

31. Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Counterfeit Products. Defendants directed, supervised, and/or controlled activity infringing on the Dune Trademarks and/or Copyrights, and the sale of Counterfeit Products. Defendants have a direct financial interest in, and gain a direct financial benefit from, infringing activity and realize profits from the sale of Counterfeit Products.

32. By engaging in the illegal conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants.

33. Plaintiff has no adequate remedy at law and unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

34. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

35. This is a trademark infringement action against Defendants, based on their unauthorized use in commerce of counterfeit imitations of the Dune Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of the Counterfeit Products.

36. Without the authorization or consent of Legendary, and with knowledge of Legendary's well-known ownership rights in its Dune Trademarks, and with knowledge that the Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Dune Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Dune Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of the Counterfeit Products.

37. Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public, including residents in Illinois and this Judicial District, in direct competition with Legendary and the Dune Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Dune Trademarks through their participation in such activities.

38. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Dune Trademarks to packaging, point-of-purchase materials, promotions, and/or

advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public, and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

39. Defendants' unauthorized use of the Dune Trademarks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Dune Trademarks.

40. Defendants' actions constitute willful counterfeiting of the Dune Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

41. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to Plaintiff, its business, its reputation, and its valuable rights in and to the Dune Trademarks and the goodwill associated therewith, in an amount as yet unknown.

42. Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that it has sustained, and will continue to sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages,

and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT II
### FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

43. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

44. Defendants' promotion, marketing, offering for sale, and sale of infringing and Counterfeit Products has created, and continues to create, a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

45. By using the Dune Trademarks in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

46. Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of Plaintiff, its Dune Products, and the Dune Trademarks.

47. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of 15 U.S.C. § 1125.

48. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Dune Products and the value of its Dune Trademarks as commercial assets in an amount as yet unknown.

## COUNT III
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

49. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

50. Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their Counterfeit Products as those of Plaintiff and causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods and an apparent affiliation, connection, or association with Plaintiff and genuine Dune Products.

51. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

## COUNT IV
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

52. Plaintiff repleads and incorporates by reference each and every allegation set forth in paragraphs 1-38 as if fully set forth herein.

53. Upon information and belief, Defendants had access to the Dune Copyrights through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in, acts of widespread infringement.

54. Defendants further infringed the Dune Copyrights by making, or causing to be made, the Counterfeit Products by producing and distributing unauthorized reproductions of the Dune Copyrights.

55. Defendants offered for sale, sold, and continue to sell, the Counterfeit Products which is a violation of Plaintiff's exclusive rights of reproduction and distribution protected under 17 U.S.C. §501 *et seq*.

56. Defendants' continued intentional use of the Dune Copyrights without the consent or authorization of Legendary, constitutes intentional infringement of Plaintiff's federally registered Dune Copyrights. As a result, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

57. As a direct result of the Defendants' acts of willful copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of the Dune Copyrights. Plaintiff is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

58. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Dune Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of the Dune Copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Dune Trademarks and/or Copyrights, or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Dune Product, or is not authorized by Plaintiff to be sold in connection with Legendary's Intellectual Property;

    b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using Legendary's Intellectual Property;

    c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the Dune Trademarks, or which are derived from the Dune Copyrights;

    d. further infringing Legendary's Intellectual Property and damaging Plaintiff's goodwill;

    e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which use Legendary's Intellectual Property;

    f. operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which use Legendary's Intellectual Property;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, social media platforms such as Facebook, YouTube, LinkedIn, and Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

17

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of unauthorized products, which use Legendary's Intellectual Property, including any accounts associated with Defendants;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which use Legendary's Intellectual Property; and,

    c. take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Dune Trademarks, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Dune Copyrights pursuant to 17 U.S.C. § 504;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff, pursuant to 17 U.S.C. § 504;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

9) Any and all other relief that this Court deems just and proper.

| | |
|---|---|
| Dated: September 18, 2025 | Respectfully submitted, |

                                                         */s/ John J. Mariane*
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John Mariane

**SULLIVAN & CARTER, LLP**
111 W Jackson Blvd Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
j.mariane@scip.law

***ATTORNEYS FOR PLAINTIFF***